**BLANK ROME LLP**
Andrew T. Hambelton
1271 Avenue of Americas
New York, NY 10020
(212) 885-5345
Andrew.hambelton@blankrome.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAFE AND GREEN HOLDINGS CORP., *Plaintiff*, v. JOHN WILLIAMS SHAW and LEO PATRICK SHAW, *Defendants*. | Civil Action No. _____ **COMPLAINT** |

Plaintiff Safe and Green Holdings Corp. ("SG Holdings" or the "Company"), by its undersigned attorneys, Blank Rome LLP, for its Complaint against Defendants John Williams Shaw ("John Shaw") and Leo Patrick Shaw ("Leo Shaw," and together with John Shaw, "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action to recover so-called "short-swing profits" from Defendants pursuant to Section 16(b) of the Securities and Exchange Act of 1934, as amended (the "1934 Act), 15 U.S.C. § 78p(b).

2. Section 16(b) of the 1934 Act is a strict liability statute mandating that an "insider" of a public company—an officer, a director, *or a large shareholder* (i.e., an owner of more than 10% of a class of the company's registered equity securities)—who "profited" from purchasing

1

and selling, or selling and purchasing, the company's securities within a period of six months, must disgorge those profits. Profit is calculated based on specialized rules, and an insider's holdings for this purpose are fungible, so the order of the relevant transactions is irrelevant, and the amount to be disgorged often has no relationship to the insider's actual economic gains.

3. Defendants are brothers and constitute a group that has, upon information and belief, agreed to acquire and vote their shares together. Defendants collectively are the beneficial owner of approximately 23% of SG Holdings common stock. John Shaw owns approximately 18% of the outstanding common shares of the Company and Leo Shaw owns approximately 5%.

4. Upon information and belief, during 2022 and continuing in 2023, while John Shaw individually and Defendants as a group owned in excess of 10% of the Company's outstanding common shares, Defendants purchased and sold SG Holdings common stock in multiple transactions within a six-month time frame in violation of the "short-swing profit" rule. During this time, Defendants neither reported these transactions to the Company, nor made any filings with the Securities and Exchange Commission (the "SEC") disclosing the transactions or their beneficial ownership.

5. SG Holdings, therefore, brings this lawsuit seeking disgorgement from John Shaw and Leo Shaw of any short-swing profits they received as a result of their transactions in violation of the "short-swing profit" rule, in an amount to be proven at trial.

**PARTIES**

6. Plaintiff Safe and Green Holdings Corp. is a Delaware corporation with its headquarters at 990 Biscayne Boulevard, #501, Office 12, Miami, Florida 33132. SG Holdings delivers safe and green solutions to develop, design, and fabricate modular structures for various industries.

7.	Upon information and belief, Defendant John Shaw is a natural person residing at 398 Whispering Pines Drive, Arcadia, California 91006.  Defendant John Shaw owns approximately eighteen percent (18%) of outstanding shares of SG Holdings common stock.

8.	Upon information and belief, Defendant Leo Shaw is a natural person residing at 372 Torrey Pines Drive, Arcadia, California 91006.  Defendant Leo Shaw owns approximately five percent (5%) of outstanding shares of SG Holdings common stock.

## JURISDICTION AND VENUE

9.	This action arises under Section 16(b) of the 1934 Act, 15 U.S.C. § 78p(b).  This Court has subject matter jurisdiction over this action pursuant to 27 U.S.C. § 1331, the general federal question jurisdiction statute and Section 27 of the 1934 Act, 15 U.S.C. § 78aa, which specifically confers exclusive jurisdiction upon the federal courts for "all suits in equity and actions at law" to enforce any liability or duty under the 1934 Act.

10.	This Court has personal jurisdiction over Defendants because Defendants have a substantial connection to New York after entering into transactions for SG Holdings common stock on the NASDAQ exchange.  At all relevant times, SG Holdings common stock was traded on the NASDAQ exchange, a National Securities Exchange headquartered and located within this district.  One or more of the purchases or sales giving rise to liability as alleged herein occurred on the NASDAQ exchange and through its facilities located within the district.

11.	Venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1391(b)(2) and Section 27 of the 1934 Act, 15 U.S.C. § 78aa because one or more of the purchases or sales giving rise to this liability as alleged herein occurred on the NASDAQ exchange and through its facilities located in this district.

## FACTUAL ALLEGATIONS

### *Defendants' Acquisition of SG Holdings Common Stock*

12. SG Holdings is a publicly traded company that delivers safe and green solutions to develop, design, and fabricate modular structures for various industries.

13. The common stock of SG Holdings is listed on the NASDAQ exchange under the ticker symbol SGBX.

14. At all relevant times, SGBX common stock was registered under Section 12(b) of the 1934 Act, 15 U.S.C. § 78l.

15. Approximately two (2) years ago, Leo Shaw acquired between 4.5-5% of the outstanding SGBX common stock directly in the open market. Leo Shaw acquired these shares for an estimated average price of $3.50.

16. Upon information and belief, Leo Shaw informed his brother John Shaw of the opportunity to invest in SG Holdings.

17. John Shaw began selling put contracts of SGBX common stock. John Shaw sold put contracts of SGBX common stock in 2022 and continues to do so in 2023. The majority of the put contracts sold by John Shaw were written for SGBX common stock with strike prices of $3.00, $4.00, and $5.00.

18. Upon information and belief, John Shaw entered into such put contracts with the expectation that SGBX common stock would increase in value and, therefore, the put contracts he entered into would not be exercised.

19. During the relevant period, however, the price of SGBX common stock trended downwards resulting in the exercise of many of the put contracts John Shaw entered into, and John

Shaw was forced to liquidate some of his assets to purchase the shares of SGBX common stock required by the put contracts.

20. As a result of the put contracts being exercised during the relevant period, John Shaw acquired approximately eighteen percent (18%) of outstanding SGBX common stock.

21. Despite Defendants' acquiring significant amounts of the outstanding stock of the Company, neither John Shaw nor Leo Shaw made any filings, mandatory or otherwise, reflecting their beneficial ownership stake in the Company.

***Defendants Acted in Concert to Vote Their Shares at the Annual Shareholder Meeting***

22. On October 14, 2022, SG Holdings held an annual shareholder meeting for the purpose of shareholders voting on several proposals set forth in the Definitive Proxy Statement Pursuant to Section 14(a) of the 1934 Act that the Company filed with the SEC on September 2, 2022 ("Proxy Statement").

23. Upon information and belief, and unbeknownst to SG Holdings because Defendants failed and refused to file required statements of acquisition of beneficial ownership on Schedule 13G, Defendants collectively amassed approximately twenty-three percent (23%) of SGBX outstanding common stock.

24. Upon information and belief, Defendants entered into an agreement with each other to vote their shares together as a group to prevent certain of the proposals in the Proxy Statement from passing at the annual shareholder meeting.

25. Defendants' scheme, which neither the Company nor any shareholders were aware of because Defendants failed and refused to file required statements of beneficial ownership, was successful, and Defendants were able to cause certain of the proposals at the annual shareholder meeting not to pass.

26. Because Defendants acted in concert to acquire and vote their shares of SGBX common stock, they are a group for purposes of the "short-swing profit" rule, and each is liable to the Company for any violations of that rule.

***Defendants' Transactions in SGBX Common Stock Violate the "Short-Swing Profit" Rule***

27. Section 16(b) of the Act, 15 U.S.C. § 78p(b), is a strict liability statute requiring corporate insiders, which include beneficial owners of more than 10% of an issuer's equity securities, to disgorge any profits made within a six-month period after a purchase and sale or sale and purchase of the issuer's equity securities.

28. Upon information and belief, John Shaw and Leo Shaw agreed to act together for the purpose of acquiring and voting their SGBX common stock, and thereby are a group holding beneficial ownership of more than 10% of the outstanding SGBX common stock under 17 C.F.R. § 240.13d-5(b)(1).

29. As a result, Defendants at all relevant times were corporate insiders of SG Holdings subject to Section 16(b).

30. Since Defendants became corporate insiders of SG Holdings subject to Section 16(b), John Shaw individually and Defendants as a group have engaged in almost daily transactions of SGBX common stock, including selling SGBX stock within six (6) months of acquiring it.

31. Thus, while corporate insiders of the Company, Defendants have profited from trading activities in SGBX stock in 2022 and 2023 in violation of the "short-swing profit" rule.

32. No exemptions are available to Defendants, or to the transactions giving rise to the violations of Sections 16(b) here pled.

## CAUSE OF ACTION

### COUNT I
### (Violation of the Short-Swing Profit Rule Pursuant to 15 U.S.C. § 78p(b))

33. Paragraphs 1 through 32 above are incorporated by reference as if fully set forth herein.

34. SG Holdings' common stock is registered under Section 12(b) of the 1934 Act and was so registered at all relevant times.

35. John Shaw and Leo Shaw have a direct or indirect "pecuniary interest" in all of the shares of SGBX common stock purchased (or deemed purchased) and sold in the transactions identified in Paragraphs 1 through 32 above.

36. At all relevant times, John Shaw individually and John Shaw and Leo Shaw together as a group owned more than 10% of the outstanding shares of SG Holdings.

37. Thus, Defendants are a group and corporate insiders for the purposes of Section 16(b) of the 1934 Act.

38. John Shaw individually and Defendants as a group have had nearly daily trading activity in SGBX common stock during 2022 and 2023.

39. During that time, upon information and belief, John Shaw individually and Defendants as a group have sold SGBX shares within six (6) months of purchasing SGBX shares.

40. Through such purchases and sales, or sales and purchases, John Shaw individually and Defendants as a group realized profits, the exact amounts of which will be proven at trial but are recoverable by SG Holdings under Section 16(b) of the 1934 Act.

41. As of the date of this Complaint, John Shaw individually and Defendants as a group have failed to account for and disgorge the entirety of any short-swing profits resulting from improper transactions in SGBX stock.

42. As a result, John Shaw individually and Defendants as a group are in breach of Section 16(b) of the 1934 Act.

43. Accordingly, Defendants must disgorge to SG Holdings any short-swing profits received in violation of Section 16(b) of the 1934 Act, the exact amounts of which are unknown to SG Holdings, but which will be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Safe and Green Holdings Corp. requests that this Court enter Judgment in its favor:

A. Requiring Defendants to account for, and disgorge to SG Holdings, the short-swing profits realized in violation of Section 16(b), together with appropriate interest;

B. Awarding to SG Holdings its costs and disbursements for bringing this suit, including its reasonable attorneys' fees; and

C. Granting any further relief as the Court may deem just and proper.

## JURY DEMAND PURSUANT TO FED. R. CIV. P. 38

Plaintiff Safe and Green Holdings Corp. hereby demands a trial by jury on all issues so triable.

Dated: March 15, 2023

**BLANK ROME LLP**

By: */s/ Andrew T. Hambelton*
Andrew T. Hambelton
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5345
Andrew.hambelton@blankrome.com
*Attorney for Plaintiff*