```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X
                                        :      23cv2244 (DLC)
SAFE AND GREEN HOLDINGS CORP.,          :
                                        :
                    Plaintiff,          :      MEMORANDUM OPINION
          -v-                           :         AND ORDER
                                        :
JOHN WILLIAMS SHAW and LEO PATRICK      :
SHAW,                                   :
                                        :
                    Defendants.         :
                                        :
--------------------------------------- X
```

APPEARANCES:

For the plaintiff:
Blank Rome LLP
Hilary Felice Korman
Andrew T. Hambleton
1271 Avenue of the Americas
New York, NY 10020

For the defendant John Williams Shaw:
Mitchell Silberberg & Knupp LLP
David B. Gordon
437 Madison Avenue, 25th Floor
New York, NY 10022

For the defendant Leo Patrick Shaw:
Ellenoff Grossman & Schole, LLP
John Brilling Horgan
Fawn Mei Lee
1345 Avenue of the Americas, 11th Floor
New York, NY 10105

DENISE COTE, District Judge:

Plaintiff Safe and Green Holdings Corporation ("SG
Holdings" or "SGBX") has sued John Williams Shaw ("J. Shaw") and
Leo Patrick Shaw ("L. Shaw"). The plaintiff alleges that the
defendants violated § 16(b) of the Securities Exchange Act of

1934 ("§ 16(b)"), 15 U.S.C. § 78p(b), by engaging in short-swing trading of its securities.

On July 21, 2023, L. Shaw moved to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  For the following reasons, L. Shaw's motion is denied.

<u>Background</u>

The following facts are alleged in the complaint.  For the purposes of deciding this motion, the factual allegations in the plaintiff's pleadings are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor.

SG Holdings is a Delaware corporation, headquartered in Miami, Florida, that delivers solutions to develop and design modular structures for various industries.  In 2021, L. Shaw acquired between 4.5-5% of SGBX common stock and subsequently informed his brother, J. Shaw, of the opportunity to invest in SG Holdings.  J. Shaw sold put contracts of SGBX common stock, many of which he was forced to exercise when the price of SGBX fell.  As a result, J. Shaw acquired about 18% of SGBX common stock.  At the time of the filing of the complaint, L. Shaw and J. Shaw collectively owned approximately 23% of SGBX stock. Neither L. Shaw nor J. Shaw made any filings with the Securities and Exchange Commission ("SEC") reflecting their ownership stake in SG Holdings.

On October 14, 2022, SG Holdings held an annual shareholder meeting at which shareholders were to vote on proposals set forth in the Definitive Proxy Statement ("Proxy Statement"). SG Holdings had filed the Proxy Statement with the SEC on September 2, 2022. Prior to the October 14 meeting, L. Shaw and J. Shaw entered into an agreement to vote their shares together as a group to prevent specific proposals from passing. At the meeting, they caused the defeat of these proposals. SG Holdings and other shareholders were not aware of the agreement between J. Shaw and L. Shaw, nor their holdings, because of defendants' failure to file required statements of beneficial ownership with the SEC. Since the time that L. Shaw and J. Shaw became corporate insiders of SG Holdings, they have engaged in almost daily transactions in SGBX common stock. These transactions include selling SGBX stock within six months of acquiring it.

SG Holdings filed its complaint on March 15, 2023, alleging that the defendants violated § 16(b) and requesting disgorgement of the profits the defendants obtained from that trading. The plaintiff further alleges that L. Shaw and J. Shaw constitute a group under § 13(d) of the Exchange Act that has agreed to acquire and vote their shares together in violation of § 16(b).

An order of May 16 set a schedule for a motion to enter a default against the defendants. J. Shaw appeared at a June 16 conference with the Court and filed his answer on June 19. The

3

Court scheduled the default hearing for L. Shaw for June 30.  At
the June 30 hearing, L. Shaw appeared and a schedule was set for
this motion to dismiss.  On July 21, L. Shaw moved to dismiss
the claims against him for lack of standing.  On July 26, J.
Shaw joined L. Shaw's motion.  The motion became fully submitted
on August 18.

Fact discovery is not stayed and is scheduled to close on
October 27, 2023.  Expert discovery concludes on January 19,
2024.  A summary judgment motion, or in its absence the Joint
Pretrial Order, is due February 9, 2024.

## Discussion

L. Shaw argues that the plaintiff has not alleged a
concrete harm from the alleged violation of § 16(b), as required
by TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021).  For the
reasons explained in this Court's recent Opinion in Avalon
Holdings Corp. v. Gentile, No. 18cv7291(DLC), 2023 WL 4744072
(S.D.N.Y. July 25, 2023), which is incorporated by reference,
this argument fails.

L. Shaw next argues that the complaint fails to plead a
violation of § 16(b), in particular that he and his brother
formed a group.  To survive a motion to dismiss for failure to
state a claim, the complaint "must plead enough facts to state a
claim to relief that is plausible on its face."  Green v. Dep't
of Educ. of City of New York, 16 F.4th 1070, 1076-77 (2d Cir.

2021) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570
(2007)).  "A claim has facial plausibility when the plaintiff
pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged." Charles v. Orange County, 925 F.3d 73, 81
(2d Cir. 2019) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678
(2009)).  "In determining if a claim is sufficiently plausible
to withstand dismissal," a court "accept[s] all factual
allegations as true" and "draw[s] all reasonable inferences in
favor of the plaintiffs." Melendez v. City of New York, 16
F.4th 992, 1010 (2d Cir. 2021) (citation omitted).
Nevertheless, a court is "not required to credit conclusory
allegations or legal conclusions couched as factual
allegations." Hamilton v. Westchester County, 3 F.4th 86, 91
(2d Cir. 2021) (citation omitted).

"Section 16(b) of the Exchange Act requires a beneficial
owner of more than ten percent of a company's shares to disgorge
profits obtained from a short-swing sale." Packer ex rel. 1-
800-Flowers.com v. Raging Cap. Mgmt., LLC, 981 F.3d 148, 152 (2d
Cir. 2020) (citing 15 U.S.C. § 78p(b)).  "[W]hen a stock
purchaser chooses to acquire a 10% beneficial ownership stake in
an issuer, he becomes a corporate insider." Donoghue v. Bulldog
Investors General Partnership, 696 F.3d 170, 177 (2d Cir. 2012).

The Exchange Act targets persons acting not only individually but also in combination with others.  Section 16's regulations provide that

> [s]olely for purposes of determining whether a person is a beneficial owner of more than ten percent of any class of equity securities registered pursuant to section 12 of the Act, the term "beneficial owner" shall mean any person who is deemed a beneficial owner pursuant to section 13(d) of the Act and the rules thereunder.

17 C.F.R. § 240.16a-1(a)(1).  Section 13 of the Exchange Act provides that "[w]hen two or more persons act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding, or disposing of securities of an issuer, such syndicate or group shall be deemed a "person".  15 U.S.C. §78(m)(d)(3).  Rule 13d-5(b)(1) provides that

> When two or more persons agree to act together for the purpose of acquiring, holding, voting or disposing of equity securities of an issuer, the group formed thereby shall be deemed to have acquired beneficial ownership, for purposes of sections 13(d) and (g) of the Act, as of the date of such agreement, of all equity securities of that issuer beneficially owned by any such persons.

17 C.F.R. § 240.13d-5(b)(1).  See Rubenstein v. International Value Advisers, LLC., 959 F.3d 541, 546 (2d Cir. 2020).  A group is deemed "to have acquired beneficial ownership of all equity securities of that issuer beneficially owned by any group members."  Id.  "If the group's collective holdings exceed 10% of any class of the issuer's outstanding equity securities, then

each group member is subject to the short-swing profit
rule." Id.  See also Roth v. Jennings, 489 F.3d 499, 514 (2d
Cir. 2007).  The agreement among persons "may be formal or
informal, and need not be expressed in writing."  Hallwood
Realty Partners, L.P. v. Gotham Partners, L.P., 286 F.3d 613,
617 (2d Cir. 2002).  See also CSX Corp. v. Children's Inv. Fund
Management (UK) LLP, 654 F.3d 276, 283 (2d Cir. 2011).

The complaint alleges that L. Shaw and J. Shaw agreed to
act together for the purposes of acquiring and voting their
shares, and therefore formed a group pursuant to § 13(d).
Because L. Shaw and J. Shaw are alleged to own approximately 23%
of SGBX common stock when their shares are combined, they are
beneficial owners of over 10% of the stock.  The complaint
alleges as well that L. Shaw and J. Shaw have engaged in short-
swing trades since they became corporate insiders of SG
Holdings, selling SGBX stock within six months of acquiring it.
The plaintiff has sufficiently alleged a violation of § 16(b).

L. Shaw argues that the complaint has not adequately
alleged the existence of a § 13(d) group.  L. Shaw's argument
fails.  The complaint plausibly pleads that J. Shaw and L. Shaw,
who are brothers, entered into an agreement with each other to
acquire and vote their shares together, which they did at the
October 14, 2022 meeting.

Finally, L. Shaw asserts that the complaint must be dismissed because it fails to allege his matching purchases and sales and describe his profits.  Such details of trading activity are not required when pleading a § 16(b) violation.

## Conclusion

Leo Patrick Shaw's July 21, 2023 motion to dismiss this action is denied.


Dated:    New York, New York
          August 25, 2023


                                    DENISE COTE
                           United States District Judge

8